USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/11/2023___

**MEMORANDUM ENDORSEMENT**

Sarro et al v. Homegoods, Inc. et al, 23-cv-4262 (NSR)

      The Court is in receipt of the attached letter from Plaintiffs, dated June 30, 2023, asking this Court order Defendants to withdraw their "First Set of Interrogatories and Combined Demands," and the attached letter from Defendants, dated July 3, 2023, opposing Plaintiffs' request.

      Plaintiffs' request is DENIED without prejudice to renew before Magistrate Judge Reznik upon issuance of the Order of Reference.  (*See* ECF No. 14.)

      The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12.

DATED: July 11, 2023

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# Coiro & Chinitz

Attorneys at Law
1206 Castle Hill Avenue
Bronx, NY 10462
cclaw@coirochinitz.com

T 718-824-6500
F 347-691-3321

Joseph T. Coiro
Michael A. Chinitz

June 30, 2023

**VIA ECF**

Hon. Nelson S. Roman, United States District Judge
United States Courthouse
300 Quarropos Street
White Plains, NY 10601

>   RE:   Alessandra Sarro and Anthony Sarro
>         v. HomeGoods, Inc. and
>         The TJX Companies, Inc.
>         Civil Action No.: 23-cv-4262

Honorable Sir:

   Our firm represents the plaintiffs in the abovementioned action which seeks the recovery of monetary damages for serious personal injuries, sustained, by Alessandra Sarro, in an accident on August 10, 2021, in defendant's store, as a result of the negligence of the defendants.

   This letter is sent in response to defendant's correspondence of June 19, 2023 wherein defendants oppose the scheduling of a pre-motion conference.

   Additionally, defendants served a First Set of Interrogatories and Combined Demands, dated May 30, 2023, on the plaintiffs, seeking the very same information, documents and authorizations previously dealt with and exchanged in the state court.

   Defendants are attempting to show this Court that they are doing new and necessary work in federal court to bolster their opposition to a motion to remand.

Defendants have previously received all they are demanding in this new thinly veiled ploy to illustrate ongoing new work in this court.

Plaintiffs request that defendants be directed to withdraw their First Set of Interrogatories and Combined Demands as they amount to nothing more than a sham as plaintiffs have previously fully complied with all defendant's demands in the state court.

Respectfully,

COIRO & CHINITZ

BY: *[signature]*
JOSEPH T. COIRO

cc: **VIA ECF**
SIMMONS JANNACE DELUCA, LLP
DANIEL P. BORBET, ESQ.
Attorneys for Defendants

## SIMMONS JANNACE DELUCA, LLP
ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca^
Allison C. Leibowitz
Michael C. Lamendola*
Ian E. Hannon
———————
Daniel P. Borbet
Irina Feferman*
Michael C. Hayes
Thomas J. Jannace
Matthew C. Maloney
Scott H. Wertheimer

Counsel
Susan B. Jannace
Ross M. Chinitz^

*Also Admitted NJ
^Also Admitted CT

July 3, 2022

**VIA ECF**
District Judge Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Alessandra Sarro and Anthony Sarro v. HomeGoods, Inc.
and The TJX Companies, Inc.
and Marshalls of MA, Inc.
Civil Action No.: 23-cv-4262-NSR

Dear Judge Roman:

This office represents defendants HomeGoods, Inc. and The TJX Companies, Inc. (hereinafter "TJX") in the above-referenced matter. TJX submits this letter in opposition to plaintiffs' application for a protective order to strike TJX's First Set of Interrogatories and Combined Demands. Plaintiffs' failure to provide relevant discovery is improper and plaintiffs should not be granted a protective order.

Plaintiffs' counsel attempts to mislead the Court by characterizing the discovery sought by TJX as a "ploy to illustrate ongoing new work" to "bolster" TJX's opposition to a motion to remand. However, TJX served its demands on May 30, 2023. Counsel did not seek leave to file a motion to remand until June 15, 2023. Accordingly, counsel's theory that TJX's demands are a "ploy" is without merit, as TJX had no indication that counsel sought to remand the case when the discovery was served.

Moreover, counsel's argument that the demands are duplicative is similarly without merit. A party resisting discovery must demonstrate the extent of the burden of

July 3, 2023
Page 2

responding to same with specificity. See Lineen v. Metcalf & Eddy, Inc., 1997 WL 73763 at *7 (S.D.N.Y. Feb. 21, 1997. Indeed, plaintiffs do not specify which interrogatories or demands are duplicative.[1] See Perro v. Romano, 1987 WL 7563 at *1 (E.D.N.Y. Feb. 9, 1987). Moreover, counsel failed to cite any authority whatsoever to support plaintiffs' entitlement to a protective order. Accordingly, a denial of plaintiffs' request for a protective order is warranted.

Thank you for the opportunity to address the Court in this matter.

                              Respectfully submitted,
                              /s/ Daniel P. Borbet
                              Daniel P. Borbet

DPB:kbe

cc:   **Via ECF**
      Joseph T. Coiro, Esq.
      Coiro & Chinitz
      Attorneys for Plaintiffs

784868

---

[1] Prior to making this application, counsel raised no objection to the discovery demands, nor did counsel confer with the undersigned in an effort to resolve this dispute without court action. See FRCP Rule 26(c)(1).